### In re ANDERSON.

(Court of Appeals of District of Columbia. Submitted January 13, 1926. Decided February 1, 1926.)

#### No. 1803.

Patents ☞17—Making white the identifying letters on matrices of linotype machines, to facilitate reading, held not patentable invention.

Making index or identifying letters on matrices used in type-setting machines white, to contrast with surrounding dark metal, thereby facilitating easier reading, *held* not patentable invention.

Appeal from the Commissioner of Patents.

In the matter of the application of James W. Anderson, administrator of the estate of Percy L. Hill, deceased, for patent. From a decision of the Commissioner of Patents, denying application, applicant appeals. Affirmed.

H. S. Duell and J. W. Anderson, both of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents, refusing to allow any of the claims in the case.

The invention relates to an improvement in the construction or preparation of the matrices used in type-casting machines like the linotype, employed in the art of printing. The matrix used in such machines is a thin, generally rectangular, brass plate, having on one edge a mold from which a letter is cast, and on the opposite edge an "index character" showing the same letter as the mold. When in use, the matrices are arranged in proper order in a line, and from them a slug or line of composed type is cast. When the matrices are thus in line, the "index characters" are visible to the operator, enabling him to tell whether they are in correct order. By this means typographical errors may be the more expeditiously and conveniently corrected.

Great speed and accuracy are required in such work; consequently it is desirable that the "index characters" should be clear and distinct. If the characters should simply be indented upon the natural surface of the matrix, they would not be easily distinguishable, since there would be little contrast between the characters and the surrounding metal surface. The present invention meets this difficulty by coloring the characters, so as to make them contrast sharply with the surrounding surface, preferably by having the characters white upon a black field. By this means they may easily be read with accuracy, thus saving time and lessening the eye strain upon the operator. The improvement is in extensive commercial use.

The claims read as follows:

"(1) A character-carrying element for composing machines having on its edge an indicating character in white on a black field.

"(2) A character-carrying element for type-casting machines having on its edge an indicating character in sharp color contrast to that of the surrounding surface of said element.

"(3) An element of the kind described made of metal and having on one edge a character to be reproduced in the operation of the machine, and on the other edge a character indicative of the character on the first-mentioned edge, the edge surface surrounding the character on the second-mentioned

edge being treated to make it dark, the second-mentioned character being white.

"(4) A character-carrying element for line-casting machines having on its edge an indicating character in sharp color contrast to that of the surrounding surface of said element and of higher light-reflecting quality than that of the surrounding surface of said element.

"(5) A character-carrying element for line-casting machines having on its edge an indicating character in sharp color contrast to that of the surrounding surface of said element and of higher light-reflecting quality than that of the surrounding surface of said element; the light-reflecting quality of said surrounding surface being low and that of said character being high.

"(6) A metal character-carrying element for line-casting machines, having on its edge an indicating character, and having the metal of said element surrounding said indicating character treated to provide a surface of subdued light-reflecting quality, as compared with the light-reflecting quality of said indicating character."

The Examiner rejected all of the claims upon certain of the references set out in his decision. The Examiners in Chief affirmed this decision upon the references cited by the Examiner, together with other references contained in the record. In addition they expressed the view "that there is nothing inventive in increasing the visibility of the reading characters on the edges of linotype matrices by the means employed for a similar purpose in the art of computing machines." This decision in turn was affirmed by the Commissioner of Patents, who also laid stress upon the view that it is within common knowledge that, when indicating letters or numbers are employed, they are made the more easily readable by means of a sharp contrast as to light-reflecting properties and color with the background upon which they appear. The Commissioner accordingly held that there was no "inventive concept" in merely substituting these more readily readable characters for the indented characters of the chief reference.

We agree with the decision of the lower tribunals. In view of the references, the improvement was old in the art. Moreover, white letters upon a black background, and black letters upon a white background, are commonplace. It did not require the exercise of invention to apply the idea to the present purpose.

The decision of the Commissioners is affirmed.